Goldie E. WATSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13656.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 1, 1960.

Decided June 18, 1960.

———◆———

Mr. David Rein, Washington, D. C., with whom Mr. Leonard B. Boudin, New York City, was on the brief, for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., for appellee.

Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Lewis Carroll, William Hitz, and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief for appellee.

Mr. John D. Lane, Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a contempt of Congress case, under Section 192 of Title 2 of the U.S.C.A. Appellant, after a trial before a judge sitting without a jury, was convicted and sentenced. This appeal followed.[1]

The record shows that appellant appeared before a subcommittee of the House Committee on Un-American Activities. After stating her name and occupation, she refused to answer five questions propounded to her, the first of these being "Have you ever been a member of the Communist Party?" She replied: "I will not answer any other question I am asked about membership in organizations, associations, societies, people I have met with, or anything else." She explained that such questions in her view were "in violation of my constitutional rights," and that she particularly relied on the First Amendment. Four more questions were asked, along similar lines to the first, receiving a similar response from appellant. The indictment was in five counts, specifying refusal to answer the five questions. She was found guilty on all counts.

No attempt was made by the subcommittee or its counsel to explain to appellant the basis for asking these questions, the nature and scope of the subcommittee's inquiry, or the pertinency of these questions to the inquiry. The Chairman simply said that the hearing was being held as a continuation of one held some months earlier. There is no showing that appellant was apprised of (or knew) the nature of these earlier hearings, or that the subject matter under inquiry on the day she appeared was conveyed to her in any fashion. "[K]nowledge of the subject to which the interrogation is deemed pertinent * * * must be available [to the witness] with the same degree of explicitness and clarity that the Due Process Clause requires in the expression of any element of a criminal offense." Watkins v. United States, 1957, 354 U.S. 178, at pages 208–209, 77 S.Ct. 1173, at page 1190, 1 L.Ed.2d 1273. And see Barenblatt v. United States, 1959, 360 U.S. 109, at pages 116–117, 79 S.Ct. 1081, at pages 1087–1088, 3 L.Ed.2d 1115.

At the trial, the Government endeavored to show that the subject under inquiry was "Communism in Education." It argues to us that appellant was admittedly a school teacher, and that the subject matter of the inquiry appeared from the reference by the Chairman to the earlier hearings, and from the nature of the proceedings themselves. We are unable to agree. It is entirely possible that appellant knew exactly what was going on, and that she took a calculated risk in adopting an uncooperative attitude. But that possibili-

1. The circumstances under which the appeals in this case and seven other contempt of Congress cases came on for hearing in this court appear in footnote

2 of the opinion in Gojack v. United States, 1960, 108 U.S.App.D.C. ——, 280 F.2d 678.

ty is not enough. The requirements of due process are not so easily satisfied.[2]

For these reasons, the conviction must be reversed and the case remanded with instructions to dismiss the indictment.

It is so ordered.

2. As Mr. Justice Frankfurter puts it: "Prosecution for contempt of Congress presupposes an adequate opportunity for the defendant to have awareness of the pertinency of the information that he has denied to Congress. And the basis of such awareness must be contemporaneous with the witness' refusal to answer and not at the trial for it. Accordingly, the actual scope of the inquiry that the Committee was authorized to conduct and the relevance of the questions to that inquiry must be shown to have been luminous at the time when asked and not left, at best, in cloudiness. The circumstances of this case were wanting in these essentials." Watkins v. United States, 354 U.S. at page 217, 77 S.Ct. at page 1194 (concurring opinion).